**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CINDY CUEVAS, | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| KAREN LICKAY REALTY | ) | |
| GROUP, LLC, KAREN LICKAY, | ) | JURY TRIAL DEMANDED |
| GLOBAL RESOURCES | ) | |
| STAFFING, LLC, | ) | |
| CRISTIAN COLON, and | ) | |
| VIRTUAL PROPERTIES | ) | |
| REALTY, INC. | ) | |
|     Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Cindy Cuevas, by and through undersigned

counsel, The Kirby G. Smith Law Firm, LLC, and hereby commences this action,

showing the Court as follows:

### Introduction

1. This is an action for unpaid overtime under the Fair Labor Standards Act, 29

    U.S.C. § 201 *et seq.* ("FLSA"), against Defendants Karen Lickay Realty

Group, LLC ("KLRG"), Karen Lickay ("Lickay"), Global Resources Staffing, LLC ("GRS"), Cristian Colon ("Colon"), and Virtual Properties Realty, Inc. ("Virtual Properties"), and for breach of contract under Georgia law against Defendants KLRG, Lickay, GRS, and Colon.

## Parties

2.  Plaintiff is a resident of the State of Georgia.

3.  KLRG, is a Georgia company with its principal place of business in Gwinnett County, Georgia.

4.  Lickay is a resident of Gwinnett County, Georgia.

5.  Lickay is the principal and manager of KLRG.

6.  GRS is a Georgia company with its principal place of business in Gwinnett County, Georgia.

7.  Cristian Colon is a resident of Gwinnett County, Georgia.

8.  Colon is the principal and manager of GRS.

9.  Lickay and Colon own multiple properties together.

10. Virtual Properties is a Georgia corporation with its principal place of business in Gwinnett County, Georgia.

11. Virtual Properties manages and supports approximately 2,693 real estate agents.

12. Real estate agents affiliated with Virtual Properties often have their own corporate entities.

13. Lickay is an affiliate of Virtual Properties.

14. Defendants operate a single "enterprise" under the FLSA.

15. Defendants served as buyers' agents in real estate transactions.

16. At all relevant times, Defendants conducted over $500,000 of business each year.

## Jurisdiction and Venue

17. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

18. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count III of this Complaint, which arises out of the same transaction or occurrence as Counts I and II.

19. The Court has personal jurisdiction over KLRG because its principal place of business is in Gwinnett County, Georgia.

20. The Court has personal jurisdiction over Lickay because she is a resident of Gwinnett County, Georgia.

21. The Court has personal jurisdiction over GRS because its principal place of business is in Gwinnett County, Georgia.

22. The Court has personal jurisdiction over Colon because he is a resident of Gwinnett County, Georgia.

23. The Court has personal jurisdiction over Virtual Properties because its principal place of business is in Gwinnett County, Georgia.

24. Venue is proper in this Court because the employment practices described herein occurred within the Atlanta Division of the Northern District of Georgia.

### Statement of Facts

25. Plaintiff was hired by Defendants on February 8, 2016.

26. Plaintiff and Defendants entered into the employment agreement attached hereto as Exhibit 1 (the "Agreement").

27. Pursuant to the Agreement, Lickay was responsible for paying Plaintiff.

28. KLRG issued Plaintiff's paychecks from February 15, 2016, through July 6, 2017.

29. GRS issued Plaintiff's paychecks from July 18, 2017, through March 2, 2018.

30. Pursuant to the Agreement, Virtual Properties was required to review and approve any promotional materials or advertisements prepared by Plaintiff.

31. Pursuant to the Agreement, Plaintiff was prohibited from assisting or working for any real estate agent affiliated with Virtual Properties, unless Lickay and Virtual Properties both consented in writing.

32. Pursuant to the Agreement, Lickay and Virtual Properties were both potentially liable for the acts or omissions of Plaintiff.

33. Pursuant to the Agreement, Lickay and Virtual Properties each had the power to discipline Plaintiff unilaterally.

34. Pursuant to the Agreement, Lickay and Virtual Properties had the power to terminate Plaintiff's employment unilaterally.

35. Pursuant to the terms of the Agreement, Plaintiff was to be paid at a rate of $12.00 per hour, with a $50.00 bonus for each real estate closing.

36. In May 2017, Plaintiff received a raise, bringing her pay to $12.50 per hour.

37. From February 2016 to September 2016, Plaintiff received no commissions.

38. From September 2016 to February 2017, Plaintiff only received $25.00 per closing.

39. From March 2017 to March 2018, Plaintiff received $50.00 per closing.

40. Plaintiff's duties included talking to clients on the phone.

41. Plaintiff engaged in phone conversations with clients who were located in other states.

42. Plaintiff's duties included submitting listing data to listing services.

43. Listing data was made available to potential buyers worldwide via the internet.

44. Plaintiff's duties included contacting financial institutions for updates on loan commitments.

45. Plaintiff's duties included placing advertisements in magazines, newspapers, and other media.

46. Plaintiff's duties included acting "as a courier service for such purposes as delivering documents or picking up keys."

47. Plaintiff's duties included ordering items necessary for routine repairs.

48. Plaintiff's duties included performing physical maintenance on properties.

49. As part of Plaintiff's duties, Plaintiff was required to purchase items which had traveled in interstate commerce.

50. Plaintiff was required to have a company cell phone on her person at all times.

51. Plaintiff was required to answer phone calls at any time, regardless of normal business hours.

52. Plaintiff regularly did answer calls and engage in lengthy discussions outside of normal business hours.

53. Plaintiff was subject to discipline if she did not have her company cell phone on her person after business hours.

54. On one occasion, Plaintiff was disciplined for leaving her cell phone at work overnight.

55. Plaintiff worked at least 50 hours each week.

56. Plaintiff was only paid for 40 hours each week.

57. Plaintiff's paychecks showed exactly 40 hours worked every week, regardless of how many hours Plaintiff actually worked.

58. Plaintiff was involved in approximately 100 closings in 2016.

59. Plaintiff was involved in approximately 1 closing each week in 2017.

60. On March 2, 2018, Plaintiff told Lickay that Plaintiff was required to be paid overtime.

61. Lickay immediately terminated Plaintiff.

## Count I:  Unpaid Overtime
### (FLSA)

62. Plaintiff reasserts and incorporates Paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63. Defendants operated a single "enterprise" under the FLSA.

64. Lickay had a formal contractual relationship with Plaintiff and maintained the ability to discipline or fire Plaintiff.

65. Lickay had the contractual obligation to pay Plaintiff.

66. Lickay conducted her business through KLRG.

67. GRS, owned and operated by Lickay's business partner, Colon, actually paid Plaintiff.

68. Virtual Properties was contractually obligated to supervise Plaintiff and had discretion to prevent Plaintiff from seeking employment with other real estate agents among its pool of approximately 2,693 affiliates.

69. Each defendant exercised sufficient control over Plaintiff to be an "employer" under the FLSA.

70. Plaintiff was an "employee" under the FLSA.

71. Plaintiff worked in excess of 40 hours each week.

72. Plaintiff was not paid one and one-half times her regular rate for hours worked above 40 each week.

73. Plaintiff was not paid at all for hours worked above 40 each week.

74. The refusal to pay overtime was willful.

75. Plaintiff is therefore entitled to one and one-half times her regular rate for all hours worked above 40 each week plus interest, liquidated damages equal her unpaid overtime plus interest, attorney fees, and litigation expenses.

## Count II:  Retaliation
## (FLSA)

76. Plaintiff reasserts and incorporates Paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77. Defendants were joint employers of Plaintiff.

78. Plaintiff engaged in protected activity when she told Lickay that she was entitled to overtime pay.  *See ¶ 58.*

79. Plaintiff suffered an adverse action when she was terminated.  *See* ¶ 59.

80. The close temporal proximity between Plaintiff's protected activity and adverse action implies causation.

81. Plaintiff is therefore entitled to reinstatement with full back-pay plus interest, liquidated damages equal to her full back-pay plus interest, compensatory damages, attorney fees, and litigation expenses.

## Count III:  Breach of Contract
## (Georgia Law)

82. Plaintiff reasserts and incorporates Paragraphs 1 through 81 of this Complaint as if fully set forth herein.

83. Plaintiff and Defendants entered into a contractual relationship for at-will employment.

84. Pursuant to the terms of the Agreement, Lickay was obligated to pay Plaintiff a bonus of $50.00 for each closing of a sale in which Plaintiff was involved.

85. Lickay never paid Plaintiff any commissions.

86. GRS paid Plaintiff on Lickay's behalf.

87. GRS did not pay Plaintiff any commissions until September 2016.

88. GRS did not pay Plaintiff the agreed-upon commissions until February 2017.

89. Plaintiff is therefore entitled to the full value of her unpaid commissions plus interest.

## **Prayer for Relief**

WHEREFORE, having set forth her claims above, Plaintiff respectfully prays for relief as follows:

A.  For a trial by jury;

B.  For a judgment in Plaintiff's favor;

C.  For reinstatement or front-pay;

D.  For full back-pay plus interest, all unpaid overtime plus interest, liquidated damages equal to Plaintiff's back-pay and unpaid overtime plus interest, unpaid commissions, attorney fees, and litigation expenses; and

E.  For such other and further relief as the Court deems appropriate and just.

This 20th day of July, 2018.

Respectfully submitted,

/s/ Micah Barry
Micah Barry
Georgia Bar No. 103184
Kirby G. Smith
Georgia Bar No. 250119

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Phone:  (844) 454-7529
Fax:  (877) 352-6253
mjb@kirbygsmith.com
kgs@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing

COMPLAINT was prepared using Times New Roman, 14-point font in accordance

with LR 5.1(B).

This 20th day of July, 2018.

Respectfully submitted,
The Kirby G. Smith Law Firm, LLC

/s/ Micah Barry
Micah Barry
Georgia Bar No. 103184

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial

by jury.

This 20th day of July, 2018.

By:   <u>s/ Micah Barry</u>
Micah Barry
Georgia Bar No. 103184